UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ESAD Z.,

                                    Plaintiff,
                                                                    6:21-CV-1388
v.                                                                  (GTS)

KILOLO KIJAKAZI, Acting Comm'r of Soc. Sec.,

                                    Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

OFFICE OF PETER W. ANTONOWICZ          PETER W. ANTONOWICZ, ESQ.
  Counsel for Plaintiff
148 West Dominick Street
Rome, NY 13440

HON. KILOLO KIJAKAZI                   HUGH DUN RAPPAPORT, ESQ.
Acting Comm'r of Soc. Sec.             Special Assistant U.S. Attorney
  Counsel for Defendant
6401 Security Boulevard
Baltimore, MD 21235

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this action filed by Esad Z. ("Plaintiff") against the

Commissioner of Social Security ("Defendant" or "Commissioner") seeking Social Security

benefits, are the parties' motions for judgment on the pleadings. (Dkt. Nos. 11, 13.) For the

reasons set forth below, the Court denies Plaintiff's motion, grants Defendant's motion, affirms

Defendant's decision, and dismisses Plaintiff's Complaint.

I.      RELEVANT BACKGROUND

        A.      Relevant Facts

Plaintiff alleges disability due to posttraumatic stress, anxiety, depression, asthma, back pain, and visual impairment.  (T. 218.)[1]  Plaintiff was born in 1972, making him 40 years old at the time of his alleged disability onset date of October 18, 2012, 47 years old at his/her application filing date of October 11, 2019, and 48 years old at the date of the ALJ's decision on January 13, 2021.  Plaintiff has reported having at least a high school education.

### B.    Relevant Procedural History

On October 11, 2019, Plaintiff applied for both Disability Insurance Benefits and Supplemental Security Income.  On February 24, 2020, Plaintiff's applications were initially denied.  On August 11, 2020, they were denied again on reconsideration.  On August 31, 2020, Plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ").  On December 23, 2020, ALJ David Romeo held that hearing, at which Plaintiff was represented by counsel.  On January 13, 2021, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act.  (T. 13-25.)  On November 4, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

### C.    The ALJ's Decision

Generally, in his decision, the ALJ made the following eleven findings of fact and conclusions of law.  (T. 13-25.)  First, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2018.  (T. 15.)  Second, the ALJ

---

[1]     The Administrative Transcript is found at Dkt. No. 8.  Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers assigned by the Court's CM/ECF electronic filing system.

found that Plaintiff has not engaged in substantial gainful activity since October 18, 2012, the alleged onset date (20 C.F.R. §§ 404.1571 et seq., and 416.971 et seq.). (T. 15-16.) Third, the ALJ found that Plaintiff has the following severe impairments: asthma, chronic obstructive pulmonary disease, obstructive sleep apnea/ nocturnal hypoxia, left eye vision loss, lumbar degenerative disc disease with radiculopathy and facet hypertrophy, obesity, and post-traumatic stress disorder (20 C.F.R. §§ 404.1520(c) and 416.920(c)). (T. 16.) Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (T. 16-18.) Fifth, the ALJ found that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except he cannot climb ladders, ropes or scaffolds and he has no far acuity, depth perception or field of vision with the left eye. (T. 18-23.) The ALJ also found as follows:

> He should avoid concentrated exposure to respiratory irritants, extremes of temperature, humidity, high exposed places or moving mechanical parts. He can understand, remember and carry out simple instructions and make simple work related decisions. He can maintain attention and concentration for 2 hour segments before and after the normal morning, lunch and afternoon breaks. He can tolerate a low level of work pressure, defined as work not requiring multitasking, very detailed job tasks, significant independent judgment, very short deadlines, teamwork in completing job tasks, or more than occasional changes in work setting.

(*Id*.) Sixth, the ALJ found that Plaintiff is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965). (T. 23-24.) Seventh, the ALJ found that Plaintiff was born on June 28, 1972 and was 40 years old, which is defined as a younger individual age 18-49, on the

alleged disability onset date (20 C.F.R. §§ 404.1563 and 416.963).  (T. 24.)  Eighth, the ALJ

found that Plaintiff has at least a high school education (20 C.F.R. §§ 404.1564 and 416.964).

(*Id*.)  Ninth, the ALJ found that transferability of job skills is not an issue in this case because

Plaintiff's past relevant work is unskilled (20 C.F.R. §§ 404.1568 and 416.968).  (*Id.*)  Tenth, the

ALJ found that, based on Plaintiff's age, education, work experience, and residual functional

capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can

perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).  (T. 24-25.)  Eleventh,

and finally, the ALJ found that Plaintiff has not been under a disability, as defined in the Social

Security Act, from October 18, 2012, through the date of this decision (20 C.F.R. §§ 404.1520(g)

and 416.920(g)).  (T. 25.)

### D.    The Parties' Briefing on Their Motions

#### 1.    Plaintiff's Motion for Judgment on the Pleadings

Generally, in his memorandum of law, Plaintiff argues that, in rendering his finding

regarding Plaintiff's residual functional capacity ("RFC"), the ALJ failed to adequately explain

his assessment of the January 2020 opinion of physical consultative examiner Gilbert Jenouri,

M.D., that Plaintiff had "mild-to-moderate" limitations on walking and standing long periods,

bending, stair climbing, lifting, and carrying.   (Dkt. No. 11, at 9-13 [Plf.'s Mem. of Law].)  More

specifically, Plaintiff argues that the ALJ found Dr. Jenouri's opinion to be persuasive and

consistent with the evidence, even though Dr. Jenouri did not provide any guidance regarding his

use of the term "mild or moderate" limitations (in contrast to Plaintiff's treating primary care

physician Roger Breslow, M.D., who provided guidance regarding his use of the term

"moderate" limitations, and whose opinion the ALJ found *un*persuasive).  (Dkt. No. 11, at 9-13

4

[Plf.'s Mem. of Law].)  Plaintiff argues that, in the face of such an ambiguous and/or incomplete record, an ALJ generally has an affirmative duty to develop the administrative record, the failure to do so being legal error.  (*Id*.)  Here, Plaintiff argues, instead of fulfilling that duty (by seeking clarification from Dr. Jenouri), the ALJ decided to pick and choose evidence in the record that supports his conclusions (which he is prohibited from doing).  (*Id*.)  Plaintiff argues that, if the ALJ had not picked and chosen such evidence (and had instead fulfilled his duty to develop the record), the ALJ would have been compelled to conclude that Plaintiff is capable of only sedentary work (as opposed to the light work that the ALJ found Plaintiff capable of doing).  (*Id*.) Finally, Plaintiff argues, if the ALJ had concluded that Plaintiff is capable of only sedentary work, he would have been compelled to award Plaintiff his disability benefits, because the vocational expert could not identify any sedentary occupations in the national economy that Plaintiff could perform (as opposed to light-work occupations).  (*Id*.)

### 2.    Defendant's Motion for Judgment on the Pleadings

Generally, in its memorandum of law, Defendant argues that Plaintiff has failed to sustain his burden of establishing that the ALJ committed any reversible error when he evaluated the January 2020 opinion of Dr. Jenouri.  (Dkt. No. 13, at 4-12 [attaching pages "3" through "11" of Def.'s Mem. of Law].)  More specifically, Defendant argues that the ALJ adequately articulated his reasons for crediting Dr. Jenouri's opinion (that Plaintiff had "mild-to-moderate" limitations) by rendering the following three findings (which Plaintiff has not challenged): (1) a finding that the opinion was "supported by [Dr. Jenouri's] program knowledge"; (2) a finding that the opinion was "consistent with [and supported by] . . . Dr. Jenouri's . . . findings . . . in a detailed narrative report"; and (3) a finding that the opinion was "consistent with [and supported by] . . .

the medical evidence of record" (as well as with Plaintiff's admission in April 2014 that he was going to look for a job, which contradicts his claim that he was disabled at that time). (*Id*.)

Similarly, Defendant argues that the ALJ adequately articulated his reasons for *not* crediting Dr. Breslow's opinion (that Plaintiff had "moderate" limitations) by rendering the following three findings (which, again, Plaintiff has not challenged): (1) a finding that Dr. Breslow "provide[d] no basis" for his opinion, which he expressed by completing "checkbox" forms; (2) a finding that Dr. Breslow's "clinical notes are minimal and show no clinical findings that would support [his view that Plaintiff had] extensive limitations"; and (3) a finding that Dr. Breslow's opinion was "inconsistent with the medical evidence of record, [Plaintiff's] treatment history[,] and the other medical opinions rendered in this matter." (*Id*.)

Under the circumstances, Defendant argues that the ALJ had no duty seek clarification for the following three reasons: (1) the fact that, as this Court found in *Randy L.B. v. Comm'r of Soc. Sec.*, 18-CV-0358, 2019 WL 2210596, at *5 (N.D.N.Y. May 22, 2019) (Suddaby, C.J.) (collecting authority), to support a finding that a claimant could perform light work, an ALJ can credit Dr. Jenouri's opinion that a claimant has "mild-to-moderate" limitations on walking and standing long periods (even when that opinion is not accompanied by an explanation of the term "mild or moderate"), because "there is voluminous legal authority . . . that supports the ALJ's finding of light work based in part on the mild to moderate limitations opined by Dr. Jenouri"; (2) the fact that, as found by a magistrate judge of this District in *Krystal R. v. Comm'r of Soc. Sec.*, 20-CV-0513, 2021 WL 3287776, at *12 (N.D.N.Y. Aug. 2, 2021) (Lovric, M.J.), under 20 C.F.R. § 404.1520b(b)(2)(i), an ALJ is not "required to re-contact a consultative examiner to clarify his opinion" where that examiner has opined that the claimant has "moderate limitations

in regard to standing[ and] walking" (without providing an accompanying explanation of the

term "moderate"); and (3) the fact that, as found by another district judge of this District in

*Gilbert H. v. Saul*, 20-CV-0080, 2020 WL 6146596, at *5 (N.D.N.Y. Oct. 20, 2020)

(D'Agostino, J.) (collecting authority), an ALJ does not have any duty to develop the record

where, as here, a claimant's attorney answered "no" to the ALJ's question about whether there

was any "outstanding evidence" at the administrative hearing.  (*Id.*)

Finally, Defendant argues that the ALJ also found to be "persuasive" the determinations

of State Agency physicians Jeannie Koenig, M.D., and V. Baronos, M.D., who both determined

that Plaintiff could "[s]tand and/or walk (with normal breaks)" for a total of "[a]bout 6 hours in

an 8-hour workday" after reviewing the evidence of record (including Dr. Jenouri's report and

opinion).  (Dkt. No. 13, at 4-12 [attaching pages "3" through "11" of Def.'s Mem. of Law].)

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an

individual is disabled.  42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d

856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if the

correct legal standards were not applied, or it was not supported by substantial evidence.  *See*

*Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for

doubt whether the ALJ applied correct legal principles, application of the substantial evidence

standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be

deprived of the right to have her disability determination made according to the correct legal

principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615

F.2d 23, 27 (2d Cir. 1979).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.    Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.  Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

## III.    ANALYSIS

After carefully considering the matter, the Court finds that ALJ Romeo adequately explained his assessment of the January 2020 opinion of Dr. Jenouri (that Plaintiff had "mild-to-moderate" limitations on walking and standing long periods, bending, stair climbing, lifting, and carrying), and did not fail to seek clarification from Dr. Jenouri even though Dr. Jenouri did not provide guidance regarding his use of the terms "mild or moderate" limitations. The Court renders this finding for each of the reasons stated in Defendant's memorandum of law: (1) the ALJ properly credited Dr. Jenouri's opinion by rendering the three findings identified by

Defendant; (2) the ALJ properly discounted the opinion of Dr. Breslow by rendering the three findings identified by Defendant; (3) the ALJ had no duty seek clarification for the three reasons identified by Defendant; and (4) Dr. Jenouri's opinion was consistent with the determinations of Drs. Koenig and Baronos, which were based (in part) on Dr. Jenouri's report and opinion, and which the ALJ found to be persuasive.  *See, supra,* Part I.D.2. of this Decision and Order.  To those reasons, the Court adds the following analysis (which is intended to supplement, and not supplant, those reasons).

 "To be sure, a consultative examiner's report which concludes that a plaintiff's condition is "mild" or "moderate," without additional information, does not allow an ALJ to infer that a plaintiff is capable of performing the exertional requirements of work." *Pealo v. Comm'r of Soc. Sec.*, 17-CV-0149, 2017 WL 5891772, at *5 (N.D.N.Y. Oct. 30, 2017) (Carter, M.J.), report-recommendation adopted, 2017 WL 5891787 (N.D.N.Y. Nov. 28, 2017) (Suddaby, C.J.). "However, the courts in this district have consistently held that a consultative examiner's opinion which utilizes such vague terminology may not be rendered useless, where the conclusion is 'well supported by [the examiner's] extensive examination[,]' or where the vague language may be rendered 'more concrete' by the facts in the underlying opinion and other opinion evidence in the record." *James P. v. Berryhill*, 18-CV-0397, 2020 WL 137241, at *7 (N.D.N.Y. Jan. 13, 2020) (Baxter, M.J.).

Here, the Court finds that Dr. Jenouri's opinion (that Plaintiff had "mild-to-moderate" limitations on walking and standing long periods, bending, stair climbing, lifting, and carrying) is "well supported by [his] extensive examination" of Plaintiff, based on his five-page report of January 2020 entitled "Internal Medicine Examination."  (T. at 601-05.)  *See, e.g., James P.*,

2020 WL 137241, at *7 (rendering the same finding based on a four-page report of Dr. Jenouri entitled "Internal Medicine Examination"). In any event, the Court finds that any vagueness in Dr. Jenouri's opinion may be rendered "more concrete" by the facts in his underlying opinion and other opinion evidence in the record, including but not limited to the following: (1) the unremarkable March 2012 x-rays of Plaintiff's lumbar spine; (2) a July 2012 MRI of Plaintiff showing only mild diffuse disc bulging at the L4-5 and L5-S1 levels; (3) an August 2020 MRI of Plaintiff showing no evidence of central spinal stenosis, disc herniation, or foraminal narrowing (other than an increased degree of facet hypertrophy at several levels of the lumbar spine); and (4) an April 2014 admission of Plaintiff that he was feeling good enough to look for a job. (T. at 20-22 [citing hearing exhibits].) *See, e.g., James P.*, 2020 WL 137241, at *7-8 (rendering the same finding based on "the record as a whole, including treatment records, radiology reports, and plaintiff's activities of daily living").

Finally, in addition to relying on *Gilbert H. v. Saul*, 20-CV-0080, 2020 WL 6146596, at *5 (N.D.N.Y. Oct. 20, 2020) (D'Agostino, J.) for the point of law that an ALJ does not have any duty to develop the record where, as here, a claimant's attorney answered "no" to the ALJ's question about whether there was any "outstanding evidence" at the administrative hearing, the Court relies on four other cases from the Northern District of New York for that point of law. *See Dale A.M. v. Comm'r of Soc. Sec.*, 19-CV-1150, 2021 WL 1175160, at *12 (N.D.N.Y. March 29, 2021) (Scullin, J.) ("[A]n ALJ need not take any further steps to develop the record where he asks a claimant's attorney if the records are complete and the attorney responds affirmatively."); *Jason C. v. Berryhill*, 17-CV-1106, 2019 WL 1409804, at *5 (N.D.N.Y. Mar. 28, 2019) (Dancks, M.J.) ("An ALJ has taken reasonable steps to complete the medical record when she asks

11

claimant's attorney at a hearing if the medical records before her are complete, and the attorney answers affirmatively"); *Orts v. Astrue*, 11-CV-0512, 2013 WL 85071, at *3 (N.D.N.Y. Jan. 7, 2013) (Kahn, J.) ("An ALJ has taken reasonable steps when, as here, she asks a plaintiff's attorney at a hearing if the medical records before her are complete, and the attorney answers affirmatively."); *Streeter v. Comm'r of Soc. Sec.*, 07-CV-0858, 2011 WL 1576959, at *4 (N.D.N.Y. Apr. 26, 2011) (Scullin, J.) (holding that an ALJ had satisfied her duty to develop the record when "the ALJ specifically asked Plaintiff's counsel, during the hearing, if the medical records were complete, to which Plaintiff's counsel responded affirmatively").

For all of these reasons, the Court denies Plaintiff's motion and grants Defendant's motion.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion (Dkt. No. 11) is **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion (Dkt. No. 13) is **<u>GRANTED</u>**; and it is further

**ORDERED** that the final decision of Defendant is **<u>AFFIRMED</u>**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>**.

Dated: March 1, 2023
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge